# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN C. LARGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BECKHAM COUNTY DISTRICT ) <br> COURT, ) <br> ) <br> Defendant. ) | Case No. CIV-13-1276-F |

## REPORT AND RECOMMENDATION

Plaintiff Johnathan C. Large, a state prisoner appearing pro se and seeking to proceed *in forma pauperis*, has initiated the present action under 42 U.S.C. § 1983, naming Beckham County District Court as the sole defendant. *See* Compl., Doc. No. 1. United States District Judge Stephen P. Friot has referred this matter to the undersigned for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Court dismiss the complaint without prejudice for seeking monetary relief and prospective injunctive relief from a defendant that is immune from such relief and, in fact, immune from suit entirely. The undersigned further recommends that the complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted and that Plaintiff's pending motion be denied.

## PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

In his one-count Complaint, Mr. Large alleges that he has been "Wrongfully Imprisoned" by the Beckham County District Court. Compl. at 2. Mr. Large states that he was arrested for indecent exposure but contends that an incorrect statute was cited on his "charge sheets." Compl. at 2. Mr. Large, nevertheless, pled guilty to the charge. Ex. 1, Doc. No. 1-1, at 4. Mr. Large further contends that the alleged citation of an incorrect statute led to him receiving an enhanced sentence, constituting "wrongful imprisonment."[1] Compl. at 2. Mr. Large indicates that he previously sought informal or formal relief by reporting these contentions to the Beckham County Sheriff's Department, the Beckham County District Court, the prosecutor, the judge, and his own attorney. Compl. at 3. Mr. Large also notes that he has "Filed Judicial Complaints . . . and [a] mandamus . . . ect. [sic]." In addition to requesting that his "charges [be] dropped" and that he be "released from All forms of Confinement," Mr. Large seeks compensatory damages of "About [$]1,500 each Day." Compl. at 3.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court is obligated to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer, or employee of a governmental entity. The Court "shall" dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] Mr. Large has also filed a petition for a writ of habeas corpus that appears to stem from the same conviction at issue here. *See* Petition, *Large v. Harvanek*, No. CIV-13-961-F (W.D. Okla. Oct. 15, 2013), Doc. No. 14.

relief. 28 U.S.C. § 1915A(a)-(b). Moreover, if a defendant's immunity from monetary relief stems from sovereign immunity, then, the defendant is immune from suit, regardless of the relief sought, and the case must be dismissed. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002).

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to the rules of procedure applicable to their cases. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the plaintiff must state a claim on which relief may be granted, i.e. the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A. *Eleventh Amendment Immunity*

In this lawsuit, Mr. Large seeks monetary relief from Beckham County District Court amounting to "About [$]1,500 each Day." Compl. at 3. Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state unless the immunity is abrogated by Congress or the state unequivocally waives its immunity. U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). This immunity

from suit extends to governmental entities considered "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *see also ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *abrogated on other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). Thus, if the District Court of Beckham County, Oklahoma is considered an arm of the State of Oklahoma, it is immune from the monetary relief sought – and immune from suit entirely – unless the immunity has been abrogated by Congress or unequivocally waived by Oklahoma. *See Fed. Mar. Comm'n*, 535 U.S. at 765-66; *ANR Pipeline Co.*, 150 F.3d at 1187, *abrogated on other grounds as recognized in Hill*, 478 F.3d at 1259.

"Under the arm-of-the-state doctrine, courts classify state governmental bodies according to a dichotomy, in which arms of the state enjoy Eleventh Amendment immunity, whereas political subdivisions such as counties and cities do not." *Mascheroni v. Bd. of Regents of Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir. 1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "As a general matter, state courts are considered arms of the state." 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3524.2, at 324-25 (3d ed. 2008).[2] This court previously has so held. *See Edwards v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487, at *1, *4 (W.D. Okla. Feb. 13, 2009) (ordering dismissal of suit against Oklahoma County District Court based on Eleventh Amendment immunity); *Colter v. Whetsel*, No. CIV-08-449-W, 2008 WL 4919384, at *1, *4 (W.D. Okla. Nov. 17, 2008) (same).

---

[2] *See, e.g.*, *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993).

Although the question of whether a defendant is an arm of the state is one of federal law, courts consider the state's own characterization of the entity in their analysis. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (discussing primary factors applied and noting determination largely depends upon analysis of the "nature of the entity created by state law" (internal quotation marks omitted)). The Oklahoma district courts constitute a statewide entity created by the Oklahoma Constitution. *See* Okla. Const. art. 7, § 7. All Oklahoma district courts are governed by the same statutory scheme and are required by statute to deposit their gross receipts, less expenses and a small reserve, into a revolving fund in the State Treasury; these remittances are subject to disbursement and appropriation by Oklahoma's Administrative Director of the Courts and the Oklahoma Supreme Court. *See* Okla. Stat. tit. 20, chs. 4, 18; *id.* §§ 1308, 1309, 1310.2. Therefore, any money judgment against Defendant would be drawn upon the State's purse rather than its own—a factor that weighs in favor of Defendant being considered an arm of the state rather than a political subdivision. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997). In addition, Oklahoma district courts are excluded from the enumerated "political subdivisions" defined within the State's tort claims act. *See* Okla. Stat. tit. 51, § 152(11); *cf. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (holding local school board for school district defined as political subdivision under Ohio state law was not entitled to assert Eleventh Amendment immunity). Taking into account "the provisions of state law that define [its] character," *Regents of Univ. of Cal.*, 519 U.S. at

429 n.5, the District Court of Beckham County should be considered an arm of the State of Oklahoma and, therefore, entitled to Eleventh Amendment immunity from suit.

As noted, Eleventh Amendment immunity remains intact unless abrogated by Congress or unequivocally waived by the state. The State of Oklahoma has not waived Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claim. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). The Eleventh Amendment therefore bars Plaintiff's claim for monetary relief against the District Court of Beckham County. Accordingly, Mr. Large's suit, to the extent it seeks such relief, should be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

In addition to monetary relief, Mr. Large seeks prospective injunctive relief—requesting dismissal of his charges and his release from all forms of confinement. Compl. at 2. However, Defendant's Eleventh Amendment immunity from suit precludes that relief as well. *See Fed. Mar. Comm'n*, 535 U.S. at 765-66; *Cory v. White*, 457 U.S. 85, 90-91 (1982); *ANR Pipeline Co.*, 150 F.3d at 1187, *abrogated on other grounds as recognized in Hill*, 478 F.3d at 1259. Although not required, the Court is permitted to raise this issue *sua sponte*. *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008); *see also Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002). Mr. Large's Complaint, naming the District Court of Beckham County as the sole defendant, should be dismissed in its entirety.

*B. Failure to State a Claim upon Which Relief May Be Granted*

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Mr. Large's Complaint fails to state a viable claim because a state court is not a "person" subject to suit under 42 U.S.C. § 1983. "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, . . . is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds*; *accord Coopersmith* v. *Supreme Court of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993). As detailed above, the District Court of Beckham County is an arm of the State of Oklahoma and, therefore, is not a person for the purposes of § 1983. The Complaint therefore is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

Nevertheless, even if Mr. Large had named a proper defendant, his factual assertions fall short of stating a false imprisonment claim that rises to the level of a constitutional violation for the purposes of § 1983. To state such a claim, a plaintiff must "specifically alleg[e] facts that show a government official acted with deliberate or

---

[3] Apropos of the instant situation, the Eighth Circuit has explained: "[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway." *Clark*, 984 F.2d at 273. Thus, having failed to name a defendant subject to § 1983, all forms of relief, including both monetary relief and injunctive relief, sought by Mr. Large are precluded.

7

reckless intent to falsely imprison the plaintiff." *Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995). Mr. Large contends that the citation of an incorrect statute led to his receipt of an enhanced sentence, constituting "wrongful imprisonment." Compl. at 2. Mr. Large further contends that he brought the alleged incorrect citation to the attention of various entities and individuals. Compl. at 3. Even assuming these allegations to be true, without additional facts, Mr. Large's contentions fail to establish the requisite intent for unconstitutional false imprisonment. Thus, Mr. Large fails to allege facts sufficient to meet the elements of his only claim—false imprisonment in violation of his federal constitutional rights. Accordingly, Mr. Large's Complaint is further subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed upon initial review pursuant to 28 U.S.C. § 1915A(b)(2) and (b)(1) without prejudice, as Defendant is immune from suit pursuant to the Eleventh Amendment and, moreover, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Upon the Court's adoption of this recommendation, Plaintiff's pending motion (Motion for Leave to Proceed *In Forma Pauperis*, Doc. No. 2) should be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 21, 2014, in accordance with 28

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 31st day of December, 2013.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE